IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. BROOKS,<br><br>      Plaintiff,<br><br>  vs.<br><br>MAGUIRE CORRECTIONAL FACILITY, et al.,<br><br>      Defendants.                    / | No. C 14-3408 DMR (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PAY THE FILING FEE OR FILE A COMPLETED PRISONER *IN FORMA PAUPERIS* APPLICATION** |

Plaintiff Charles A. Brooks, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. Dkt. 3.

Plaintiff has previously filed a prisoner motion for leave to proceed *in forma pauperis* ("IFP"); however, because he was a non-prisoner at the time of filing, the Court directed him to file a non-prisoner IFP application. Dkt. 9. The Court also noted that the previously-filed prisoner IFP application (dkt. 8) was incomplete because "Plaintiff indicated that his spouse is employed but he did not indicate the amount of her monthly salary, wages or income." *Id.* at 1. Therefore, the Court directed Plaintiff to submit a complete non-prisoner IFP application and "to provide a complete response to question 3" no later than September 24, 2014. *Id.*

Plaintiff has since informed the Court that he is now in custody at the Maguire Correctional Facility in San Mateo County. Dkt. 10.

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a). If the plaintiff is a prisoner who alleges that he is unable to pay the full $400.00 filing fee at the time of filing, he must submit: (1) an affidavit that includes a statement of

1  all assets he possesses, and (2) a certified copy of the trust fund account statement for the prisoner
2  for the six-month period immediately preceding the filing of the action, obtained from the
3  appropriate official of each prison at which the prisoner is or was confined. *See id.* § 1915(a)(1), (2).
4  If the court determines that the plaintiff is unable to pay the full filing fee at the time of filing, the
5  plaintiff will be granted leave to proceed IFP. While the full filing fee is $400.00 generally, the
6  $50.00 administrative fee is waived for litigants proceeding IFP. Therefore, once a plaintiff is
7  granted leave to proceed IFP, the total filing fee will be $350.00. The $350.00 filing fee must be
8  paid by way of an installment plan, according to which the Court first will assess and collect a
9  partial filing fee from the prisoner, and then the prisoner will be required to make monthly payments
10 of twenty percent of the preceding month's income credited to the his account until the full $350.00
11 filing fee is paid. *Id.* § 1915(b)(1). The agency having custody of the prisoner is responsible for
12 forwarding to the Court payments from his account each time the amount in the account exceeds ten
13 dollars. *See id.*

14     Therefore, before the Court will proceed to review the complaint Plaintiff is hereby
15 ORDERED to pay the $400.00 filing fee in full or to file a completed prisoner IFP application using
16 the enclosed form, including copies of his Certificate of Funds and prisoner trust account statement.
17 Plaintiff shall do so within **twenty (28) days** of the date of this Order.

18     **Failure to pay the full filing fee or submit a completed IFP application as ordered**
19 **herein by the twenty-eight-day deadline shall result in the dismissal of this action without**
20 **prejudice.**

21     The Clerk of the Court shall send Plaintiff a blank prisoner IFP application along with a copy
22 of this Order.

23     IT IS SO ORDERED.

24 Dated: 11/19/2014

25                                   DONNA M. RYU
                                   United States Magistrate Judge

**United States District Court**
For the Northern District of California

P:\PRO-SE\DMR\CR.14\Brooks3408.FilePrisonerIFP.wpd     2