IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. BROOKS,<br><br>   Plaintiff,<br><br>vs.<br><br>MAGUIRE CORRECTIONAL FACILITY, et al.,<br><br>   Defendants.<br>_____ / | No. C 14-3408 DMR (PR)<br><br>**AMENDED ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO PAY THE FILING FEE OR FILE A COMPLETED PRISONER *IN FORMA PAUPERIS* APPLICATION** |

   Plaintiff Charles A. Brooks, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  He has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge.  Dkt. 3.

   In an Order dated November 19, 2014, the Court directed Plaintiff to ~~file a~~ pay the $400.00 filing fee in full or to file a completed prisoner *in forma pauperis* ("IFP") application using the enclosed form, including copies of his Certificate of Funds and prisoner trust account statement.[1] Plaintiff was directed do so within twenty-eight days of the date of that Order.  He was also warned that the failure to do so would result in the dismissal of this action without prejudice.

   The twenty-eight-day deadline has passed, and Plaintiff has neither paid the full filing fee nor submitted a completed prisoner IFP application form.  Instead, on December 22, 2014, Plaintiff filed a response to the Court's November 19, 2014 Order.  Dkt. 12.  In his response, Plaintiff acknowledges that he received the Court's November 19, 2014 Order, and he, in fact, attaches a copy of that Order.  *Id.* at 3-4.  However, the remaining portion of his response is difficult to decipher.  *Id.* at 1-2.  Plaintiff uses certain phrases in his response that are styled as if they were taken from an Order by the Court, and he refers to his action as "frivolous," stating: "The complaint is extremely difficult[,] the Court dismiss[es] the case action or appeal [a]s frivolous or malicious." *Id.* at 1.  It does not seem that Plaintiff actually believes his action is frivolous because he also asks for relief, stating: "Plaintiff ask[s] the Court[] for permission to grant relief to Plaintiff." *Id.* at 2.  In

---

   [1] Plaintiff had notified the Court that he was back in custody, and that he was being held at the Maguire Correctional Facility in San Mateo County.  Dkt. 10.

any event, at this time, the Court cannot review Plaintiff's complaint because he still has not submitted a completed prisoner IFP application form. To date, Plaintiff has submitted outdated copies of an incomplete Certificate of Funds signed by a "Mona S. McCollins" from an unknown facility (dated "5/8/13") and an irrelevant prisoner's trust account statement from Tallahatchie County Correctional Facility (from February 8, 2008 through August 3, 2009). *Id.* at 7-15.

28 U.S.C. § 1915(a)(2) provides: "A prisoner seeking to bring a civil action . . . in addition to filing the affidavit . . . , shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." This language is mandatory on its face. Many cases are filed in this Court by inmates who are housed at the Maguire Correctional Facility, and most of them have been able to obtain the certificate and a copy of their inmate accounts.

Although Plaintiff has received ample opportunity to either pay the full filing fee or submit the proper IFP form, the Court will give Plaintiff one last chance. He is granted an extension of time of up to and including **twenty-eight (28) days** from the date of this Order to provide a completed prisoner IFP application form, a Certificate of Funds, and a copy of his inmate trust account showing six months of transactions (or his up-to-date transactions since he was only recently taken back into custody) from the *Maguire Correctional Facility*. Plaintiff shall not provide copies of IFP supporting documents from other facilities at which he is not currently housed. Blank copies of the aforementioned forms are attached to this Order. **Failure to pay the full filing fee or submit a completed prisoner IFP application as ordered herein by the twenty-eight-day deadline shall result in the dismissal of this action without prejudice.**

The Clerk of the Court shall send Plaintiff a blank prisoner IFP application along with a copy of this Order.

IT IS SO ORDERED.

Dated: January 12, 2015

DONNA M. RYU
United States Magistrate Judge